UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HERVEY STEIN<br>Plaintiff | *<br>* | CIVIL ACTION |
| | * | NO.: |
| versus | * | |
| | * | SECTION: |
| UNUM LIFE INSURANCE COMPANY | * | |
| OF AMERICA | * | MAG.: |
| Defendant | * | |

**COMPLAINT**

1. Plaintiff, Hervey Stein, brings this action against defendant, Unum Life Insurance Company of America ("Unum"), for benefits payable under a long-term disability Policy ("Policy") sponsored by his employer, Enterprise Products Company ("Enterprise").

2. This Complaint challenges the defendant's: 1) unreasonable, arbitrary, capricious, and unlawful termination of Mr. Stein's long-term disability income benefits despite the substantial medical evidence demonstrating his qualifications for said benefits; 2) a pattern of rejecting and/or ignoring the substantial evidence supporting Mr. Stein's disability from any profession due to epilepsy with grand mal seizures; 3) failure to provide Mr. Stein with a full and fair review of his claim; and 4) failure to provide a reasonable claims procedure that would yield a decision on the merits of Mr. Stein's claim for benefits.

3. Mr. Stein is filing this action to recover back benefits due under the Policy, to enforce the present rights existing therein, to clarify his future rights under the terms of the Policy, and to recover costs, attorneys' fees, and pre- and post-suit interest as provided by ERISA.

## JURISDICTION

4. This Court has personal and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the Policy was administered in this district and the defendant's breach of its ERISA obligations took place in this district. Mr. Stein is now and will remain in a continuous state of disability, which disability began while plaintiff was domiciled and residing at all relevant times in Terrebonne, Louisiana.

5. The plaintiff, Mr. Stein, is a 34-year-old individual domiciled in Terrebonne Parish, Louisiana. Mr. Stein is a vested participant in an Employee Benefit Plan, within the meaning of 29 U.S.C. § 1002(2)(7). Mr. Stein has standing to bring this action under 29 U.S.C. § 1132(a).

6. The defendant, Unum, resides in Portland, Maine and is authorized to do business in Louisiana.

## STATEMENT OF FACTS

### Long Term Disability Policy

7. At the time he became disabled, Mr. Stein was an inland tankerman working for Enterprise.

8. As an employee of Enterprise, Mr. Stein was entitled to long- term disability benefits, under a contract of insurance between his employer and Unum.

9. Upon information and belief, The Policy does not provide Unum with discretion to interpret its terms or to determine a Policy participant's eligibility for benefits.

**Mr. Stein's Disability**

10. Mr. Stein has been diagnosed with epilepsy, which is commonly associated with blackouts, memory loss, as well as anxiety and migraines. This condition is perhaps related to a gunshot to the brain sustained when Mr. Stein was twelve. Unum at no time in its review alleged Mr. Stein's condition was a pre-existing condition under the policy, as he had no symptoms in the years before he became disabled and he did not seek any related medical treatment.

11. Mr. Stein first became disabled upon suffering an epileptic seizure on August 18, 2012. He suffered several seizures thereafter. Unum approved Mr. Stein for short-term and long-term disability benefits at that time and paid Mr. Stein LTD benefits for twenty-four months.

12. Mr. Stein continues to suffer seizures at present and they have only increased in frequency and intensity over time since 2012.

13. At the time of filing of this suit, he remains unemployed and was adjudicated disabled by the Social Security Administration.

14. Mr. Stein's treating neurologist, Dr. Jamie Huddleston, opines that Mr. Stein is disabled for the purposes of any job for which he is reasonable suited by education, training, or

experience. Mr. Stein does not have warning of his seizures and cannot always take safety precautions when he feels one coming on.

15. Mr. Stein can expect confusion, exhaustion, severe headache, and muscle strain for hours and even days after a seizure. The seizures are disruptive, and the associated headaches and side effects of medication are disabling. Mr. Stein has a history of injury during seizures.

16. Mr. Stein's seizures are likely to disrupt the work of co-workers. He cannot travel to work alone, either by driving or using public transportation. Associated mental problems include short attention span and memory problems. He would have to take several unscheduled breaks of more than 20 minutes during a workday, which would make him unemployable. He would have to be absent from work more than five days per month, which also would make him unemployable. In Dr. Huddleston's opinion, Mr. Stein is medically disabled.

## Claim Investigation

17. Mr. Stein was paid long-term disability benefits for twenty-four months, whereupon the benefits were terminated.

18. Unum received multiple records confirming that Mr. Stein was suffering from serious epilepsy which made it impossible for him to work.

19. Mr. Stein's claim underwent peer review with a physician retained by Unum. That physician disagreed with the restrictions placed by Dr. Huddleston, in spite of the latter's much more extensive history of treating Mr. Stein. Unum's physician in large part relied on Facebook postings as opposed to medical information. Mr. Stein has never alleged he cannot do anything

or ever leave the house. He is simply unreliable in a work environment due to his constant seizures and blackouts.

**Appeal**

20. Mr. Stein filed a timely appeal of the termination of his benefits.

21. The appeal was denied on October 13, 2015 and again on December 8, 2015, with only marginal review of the additional medical records submitted, making it clear there was no full and fair review as required by ERISA. The appeal was denied by a single appeal specialist, with no evidence of a panel meeting. Plaintiff sought to have defendant review additional information in April 2017, which defendant refused to consider.

**Summary**

22. The plaintiff is disabled from his own occupation and from any occupation for which he is reasonably suited by education, training, or experience.

23. The plaintiff has exhausted his administrative remedies pursuant to 29 C.F.R. 2560.503.

24. The defendant failed to provide Mr. Stein with a full and fair review of his claim for benefits.

25. Any discretion to which defendant may claim it is entitled under the Policy is negated by its failure to provide the plaintiff with an explanation as to its adverse action and a full and fair review of his claim for benefits.

26. The defendant was motivated by its financial conflict of interest when it denied Mr. Stein's benefits.

27. The decision to deny Mr. Stein's benefits was wrongful, unreasonable, and irrational, contrary to the substantial evidence, contrary to the terms of the plain contractual terms of the Policy, and contrary to law.

28. Due to the unlawful denial of benefits under ERISA, plaintiff has lost his rightful long-term disability benefits.

29. The plaintiff has also suffered emotional distress and an exacerbation of his physical condition as a result of defendant's actions.

30. Having exhausted the administrative procedures provided by the defendant, plaintiff now brings this action.

**FIRST CAUSE OF ACTION**
(Enforcement of Terms of Policy and Action for Unpaid Benefits)

31. Plaintiff re-alleges each of the paragraphs above as if fully set forth herein.

32. The Policy is a contract.

33. Plaintiff has performed all of his obligations under the contract.

34. 29 U.S.C. § 1132(a)(1)(B) states that:

> A civil action may be brought ---
>
> (1) by a participant or beneficiary –
>
> (A) for the relief provided for in subsection (c) of this section, or
>
> (B) to recover benefits due to him under the terms of his Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan.

35. The defendant's actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

36. The defendant unlawfully denied plaintiff's benefits in part by: (1) rejecting the substantial evidence supporting plaintiff's claim; and (2) denying plaintiff a full and fair review of the decision to deny his benefits.

37. In accordance with 29 U.S.C. §1132, plaintiff is entitled to be paid benefits under the Policy based upon her disabled status during his period of disability.

38. The defendant has refused to provide plaintiff with these disability benefits and is, therefore, in breach of the terms of the Policy and ERISA.

39. As a direct and proximate result of this breach, plaintiff has lost the principal and the use of her rightful long-term disability benefits.

## SECOND CAUSE OF ACTION

(Attorneys' Fees and Costs)

40. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

41. Under the standards applicable to ERISA, plaintiff deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

42. The defendant has the ability to satisfy the award.

43. The defendant acted in bad faith in denying plaintiff's benefits under the Policy.

44. The award of attorneys' fees against the defendant will deter the defendant and similarly-situated ERISA fiduciaries from conduct similar to that of the defendant in this case.

**PRAYER FOR RELIEF**

45. WHEREFORE, the plaintiff respectfully prays that the Court:

(1) Declare, adjudge and decree that plaintiff is entitled to ongoing long-term disability benefits as calculated under the terms of the Policy;

(2) Award plaintiff the full amount of unpaid benefits under the Policy to which he is entitled, together with such pre-suit and post-suit interest as may be allowed by law;

(3) Order that the defendant make restitution to plaintiff in the amount of any losses sustained by plaintiff in consequence of the wrongful conduct alleged herein, together with pre-suit and pre-judgment interest;

(4) Award plaintiff the costs of this action and reasonable attorneys' fees; and

(5) Award such other relief as the Court deems just and reasonable.

Respectfully submitted,

**WAITZ & DOWNER**

/s/ David C. Pellegrin, Jr.
DAVID C. PELLEGRIN, JR., T.A. (#34957)
423 Goode Street
Houma, LA 70360
Telephone: (985) 876-0870
Fax: (985) 876-0213
*Attorney for Plaintiff Hervey Stein*

**Please Serve:**

**Unum Life Insurance Company of America**
Through the Hon. Tom Schedler
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809